FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 2 0 2009
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
HECTOR MANUEL GARCIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

------------------------------------------------X

08 CV 4999 (SJ)
04 CR 693 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES

HECTOR MANUEL GARCIA, *PRO SE*
Reg. # 71112-053
FPC Montgomery
Maxwell Air Force Base
Montgomery, AL 36112

UNITED STATES ATTORNEY
Benton J. Campbell
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Steven L. D'Alessandro

JOHNSON, Senior District Judge:

    Pursuant to 28 U.S.C. § 2255 ("Section 2255"), petitioner Hector Manuel Garcia ("Petitioner" or "Garcia") requests that the Court vacate, set aside, or correct his sentence because his attorney was ineffective for failing to explain the

1

Sentencing Guidelines to him and for failing to file an appeal (the "Petition"). For the following reasons, the Petition is DENIED in its entirety.[1]

Petitioner also requests re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and the Supreme Court's decision in Gall v. United States, 552 U.S. 38 (2007) ("Motion for Resentencing"). For the following reasons, the Motion for Resentencing is likewise DENIED in its entirety.

## BACKGROUND

In 2004, Garcia was charged, along with three co-defendants, with conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), and with possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841 (a) (1) and (b)(1)(A)(iii) (Count Two). (Gov't Resp. Ex. A.)

On December 21, 2005, Garcia pled guilty to Count One pursuant to a plea agreement (the "Plea Agreement").[2] (See Gov't Resp. Exs. A & B.) The Plea

---

[1] The Court notes that there is some confusion as to when the Petition was actually filed; while Petitioner asserts that he filed it early in 2008, it first came to the Court's attention in December 2008. Because the Government has not objected to the Petition's timeliness, the Court presumes it to be timely for the purposes of this Memorandum and Order. In addition, the Court notes that Petitioner has not responded to the Government's Response, despite being granted an extension of time (until July 17, 2009) to do so. (See Dkt. No. 12.) The Court therefore treats the Petition as fully briefed at this juncture.

[2] The Court notes that the exhibits attached to the Government Response are incorrectly labeled. While the Government's Response states that the plea agreement is attached as Exhibit B, in fact the plea agreement is attached to Exhibit A (along with the indictment). For purposes of this Memorandum, the Court will refer to the exhibits as they are actually labeled, rather than as the Government Response refers to them.

2

Agreement estimated that Garcia would face an adjusted Guideline range of 51 to 63 months, but projected that his sentence would be 120 months because of the statutory mandatory minimum. (Id. at ¶ 2.)

The Plea Agreement also stated that Garcia agreed not to file an appeal or otherwise challenge his conviction or sentence if the Court imposed a term of imprisonment of 120 months or less. (Id. at ¶ 4.) At his plea allocution before Magistrate Judge Viktor V. Pohorelsky, Garcia testified under oath that he understand all of the terms of the Plea Agreement and, in particular, that he understood that he had waived his right to appeal or challenge his sentence unless the Court imposed a sentence greater than 120 months. (Gov't Resp. Ex. B at 21, 35.)

Prior to sentencing, the Probation Department calculated Garcia's Guideline range to be 87 to 108 months (because, unlike the Plea Agreement, it deemed him ineligible for a minor role reduction). (Garcia Presentence Investigation Report ("PSR") ¶¶ 10, 20-26.) The Probation Department also determined that Petitioner was eligible for the safety valve. (Id. at ¶ 20.)

At sentencing, both defense counsel Frank Paone ("Paone") and the Government disagreed with the Probation Department, arguing that pursuant to the Plea Agreement, Petitioner's Guideline range should be 41 to 51 months. (Gov't Resp. Ex. D at 6.) At sentencing and in a letter to the Court dated May 25, 2007, Paone also argued that the Court should sentence Garcia below the Guideline range

3

recommended by the Probation Department because of his minimal involvement in the conspiracy, his prompt cooperation and acceptance of responsibility, his difficult personal background, his military service, and his current medical condition. (Gov't Resp. Exs. C & D.)

Ultimately, the Court accepted the Probation Department's finding that Garcia was eligible for the safety valve, allowing him to be sentenced below the mandatory minimum, and, after considering the factors listed in 18 U.S.C. § 3553(a) and the parties' submissions, sentenced Petitioner to 41 months in custody and five years of supervised release. (Id. at 15.)

## DISCUSSION

I. Garcia's Section 2255 Petition

   A. Waiver of Right to Bring a Section 2255 Petition

As discussed supra, Garcia's Plea Agreement waived his right to appeal or challenge under Section 2255 his conviction and sentence, so long as the sentence fell below 120 months. Such waivers are generally enforceable. See Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001).

The Court's review of both Garcia's Plea Agreement and of his guilty plea before Magistrate Judge Pohorelsky clearly reveals that Garcia understood that he was waiving his right to appeal a sentence of 120 months or less. In particular, the following exchange took place at Garcia's allocution:

> The Court: Because of your plea agreement, however, you have agreed that if the Court imposes a term of imprisonment of 120 months of imprisonment or less, you cannot appeal that sentence even if the Court made some error – even if you think the Court made some error. You'll just have to accept that sentence. Do you understand that?
>
> The Defendant: Yes, your Honor.

(Gov't Resp. Ex. B at 35.)

These "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The Petition is therefore barred, as Garcia was sentenced to 41 months – well below the 120 month limit set out in the Plea Agreement.

B. Merits of Petitioner's Arguments

Even assuming that Garcia's arguments were not barred by the waiver in his Plea Agreement, they would fail on their merits because Garcia did not receive ineffective assistance of counsel.

To show ineffective assistance of counsel, a petitioner must show that the attorney's conduct was deficient and that that deficient performance resulted in prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's conduct is deficient only where a petitioner can overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To show that that deficiency caused prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

First, Garcia affirms that his attorney did not explain the Sentencing Guidelines to him, incorrectly advising him that his sentence would be based on his medical condition and the information presented by the Government at the plea hearing. (<u>See</u> Pet. Aff. ¶¶ 4, 7, 9-11.) This claim is belied by the record. At Garcia's plea allocution, Judge Pohorelsky explained the Guidelines at length to Petitioner and Garcia stated, under oath, that he had discussed the Guidelines with his lawyer and that he understood them. (Gov't Resp. Ex. B. at 28-32.) At sentencing, Garcia also told the Court that he had read and discussed the PSR with his lawyer. (Gov't Resp. Ex. D at 2.) The Court is entitled to credit the statements that Petitioner made under oath, in open court. <u>See</u> <u>Blackledge</u>, 431 U.S. at 74. Furthermore, Paone argued vigorously, both at sentencing and in his earlier letter to the Court, that the Court should consider Petitioner's medical condition in fashioning his sentence. (Gov't Resp. Exs. C & D at 10-12.) The Court considered Paone's argument in determining Petitioner's sentence. (Gov't Resp. Ex. D at 15.)

Second, Garcia claims that his attorney was ineffective because he did not file an appeal, despite numerous requests by Petitioner to do so. (Pet. Aff. ¶ 12.) The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeals acts in a manner that is

6

professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Petitioner's claim nevertheless fails because he has not shown that he in fact requested that his attorney file an appeal. Indeed, Paone affirms that: "At no time did HECTOR MANUEL FARVIA instruct me to file an appeal on his behalf. Had he instructed me to file an appeal, I would have done so." (Gov't Resp. Ex. F.) Petitioner provides no documentary support for his allegation that he asked his attorney to file an appeal, nor has he provided any detail as to what he believes the basis for an appeal would have been. Given the conclusory nature of Petitioner's claim, and the fact that it has been contradicted by Paone's sworn statement, the Court does not credit it. See Garcia v. United States, 2008 WL 821816, *3 (S.D.N.Y. Mar. 28, 2008) (denying habeas relief under similar circumstances).

II. Garcia's Motion for Re-Sentencing

A. Re-Sentencing Pursuant to Section 3582(c)(2)

Section 3582(c)(2) provides that when the Sentencing Commission has retroactively amended the Sentencing Guidelines to lower the sentencing guideline range, a "court may reduce [a previously-sentenced defendant's] term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 706 to the Sentencing Guidelines (effective 11/1/2007), as amended by Amendments 711 and 715, reduced the base offense level for offenses involving between 1.5 and 4.5 kilograms of crack cocaine by two points. Compare U.S.S.G. § 2D1.1(c)(1) (2006), with U.S.S.G. § 2D1.1(c)(1), (2) (2008). Amendment 706 applies retroactively. See U.S.S.G. §1B1.10(c).

Garcia does not qualify for re-sentencing on this basis because the offense to which he pled guilty involved powder cocaine, not crack cocaine. (See Gov't Resp. Ex. A.) Section 3582(c)(2) does not permit the Court to re-sentence a defendant where "none of the amendments listed in subsection (c) is applicable to the defendant." See U.S.S.G §1B1.10(a)(2)(A). Since Amendment 706 does not apply to Garcia, the Resentencing Motion is denied. See United States v. Lackonsingh, 2008 WL 4723712 (D. Md. Oct. 23, 2008) (denying resentencing because offense involved powder cocaine, not crack).

B. Re-Sentencing Pursuant to *Gall*

Garcia also argues that he is entitled to resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005) and Gall v. United States, 552 U.S. 38, 128 S.Ct. 586 (2007). Garcia was sentenced on June 1, 2007 – two years after the Supreme Court handed down Booker. As a result, the Court was well aware of the Booker holding and therefore treated the Guidelines as advisory and carefully considered the parties' sentencing submissions, as well as the factors listed in 18

8

U.S.C. § 3553 (a), before sentencing Petitioner to 41 months. The Gall decision does not cast any doubt on the reasonableness of Petitioner's sentence because Garcia was sentenced to the bottom of the Guideline range and because the Court considered his individual circumstances in fashioning his sentence. See Gall, 128 S.Ct. at 594 (holding that a district court must sufficiently explain any departure from the Guidelines). Moreover, Petitioner has failed to advance any reason to support his assertion that his sentence was not reasonable. See United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) (recognizing "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

## CONCLUSION

For the foregoing reasons, the Petition and the Resentencing Motion are both DENIED in their entirety. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to close this case.

SO ORDERED.

DATED:
October 7, 2009
Brooklyn, New York

Sterling Johnson, Jr, U.S.D.J.

9