

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EJK:JSR                              *271 Cadman Plaza East*
F#2003R00064                         *Brooklyn, New York  11201*

January 19, 2012

<u>By ECF</u>
The Honorable Sterling Johnson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Hector Manuel Garcia
            <u>Criminal Docket No. 04-693 (SJ)</u>

Dear Judge Johnson:

      The government respectfully submits this letter in response to the above-referenced defendant's letter requesting that his supervised release be terminated.  As explained below, the government respectfully submits that the Court should deny the request because the defendant has not stated an appropriate basis to support termination.

      By way of background, in June 2004 Robert LaRosa and several other individuals were arrested after law enforcement officers working with the New York Drug Enforcement Administration's Task Force observed what appeared to be a narcotics transaction.  In total, the observed transactions involving LaRosa totaled approximately 28 kilograms of cocaine.  Subsequently, agents determined that the defendant Garcia was the individual responsible for transporting those kilograms of cocaine from Florida to LaRosa for distribution and he was arrested.

      On December 21, 2005, the defendant pleaded guilty to one count of trafficking in cocaine.  On June 1, 2007,  he was sentenced by Your Honor to 41 months' imprisonment and five years of supervised release.  To date, he has completed approximately one year and four months of his supervised release.

      The determination of early release is a discretionary decision made by the district court.  <u>See</u> <u>United States v. Sheckley</u>, 1997 WL 701370, at *1 (Table 129 F.3d 114) (2d Cir. 1997).  Early termination is not warranted as a matter of course;

on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id. (citing United States v. Lussier, 104 F.3d 32, 26 (2d Cir. 1997)). A defendant is "not entitled to early termination simply because he has successfully served a portion of his supervised release term." Id. at *1-2.

In the present case, the defendant has not set forth any reason, much less provided evidence, showing changed or exceptional circumstances meriting termination of his supervised release. Thus, his request should be denied. See, e.g., Sheckley, 1997 WL 701370, at *2 ("And no evidence has been presented-such as 'exceptionally good behavior'-to substantiate such 'changed circumstances' as might warrant early termination of supervised release ").

For these reasons, the government opposes the defendant's request to terminate supervision.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney

By:    /s/
       Jessica Reid
       Special Assistant U.S. Attorney
       (718) 254-6250

cc: Hector Manuel Garcia, pro se (by Certified Mail)
    3027 Blaine CR
    Deltona, FL 32738