UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                           04 CV 693  (SJ)

        v.

                                                                          ORDER DENYING
                                                                          EARLY TERMINATION
                                                                          OF SUPERVISION

HECTOR MANUEL GARCIA,

              Defendant.
----------------------------------------------------X

A P P E A R A N C E S
LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Jessica Reid
Attorney for the United States

HECTOR MANUEL GARCIA, PRO SE
3027 Blaine Circle
Deltona, FL 32728

**JOHNSON, Senior District Judge:**

       Defendant Hector Manuel Garcia ("Defendant" or "Garcia") was sentenced to 41 months' incarceration and five years supervised release after a 2007 conviction for conspiracy to possess with intent to distribute cocaine.  On November 29, 2011, after completing approximately 14 of the 60 months of supervised release, Garcia filed the instant motion, seeking to terminate the remainder of his supervision.

1

On December 5, 2011, I directed the government to respond to the motion and to appear for a hearing. On January 18, 2012, I held at hearing at which Garcia did not appear. Out of an abundance of caution, I re-set the hearing to February 16, 2012, in order to insure that Garcia, appearing pro se, properly received notification of the hearing, which was duly forwarded to him at his address of record.

At the February 16 hearing, I heard argument from both parties as well as the Probation Department. The parties agree that 18 U.S.C. § 3583(e) permits the discharge of Defendant's period of supervised release, and, for the most part, also agree that Defendant's post-release conduct to-date is respectable and compliant. However, Garcia has offered no other justification for terminating his period of supervised release. As a result, the government objects.

I have reviewed the parties' submissions and find that Garcia has failed to identify grounds for terminating his 60-month term of supervision after a mere 16 months of compliance. Therefore, he has not demonstrated a sufficient change in circumstances to offset my previous balancing of the factors set forth in § 3553(a). See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).").

2

However, I also grant Defendant leave to renew his application should he experience changed circumstances and successfully complete a more significant portion of his term of supervision.

SO ORDERED.


Dated: March 14, 2012 _____/s_____
      Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.